IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| S&S WORLDWIDE, INC., | § | |
| *Plaintiff* | § | |
| v. | § | Civil Action No. 4:17-cv-03485 |
| | § | |
| SIRIYA LOGISTICS, BROGSEK | § | |
| LOGISTICS, and JOHN DOE, | § | |
| *Defendants* | § | |

**ORDER GRANTING**
**PLAINTIFF'S MOTION FOR *EX PARTE* TEMPORARY RETAINING ORDER**
**AND IMMEDIATE LIMITED DISCOVERY**

The Court, having considered Plaintiff's Verified Complaint and Demand for

Temporary and Permanent Injunctive Relief and exhibits, the Certification of David M.

Stauss, and Plaintiff's Motion for *Ex Parte* Temporary Restraining Order and

Immediate Limited Discovery, hereby finds as follows:

1.      Plaintiff S&S Worldwide, Inc. attempted to wire $1,287,795 to Rocky

Mountain Amusements, Inc. to pay an invoice issued by Rocky Mountain.

2.      During email discussions between S&S and Rocky Mountain, Defendant

John Doe, surreptitiously inserted himself into the email dialogue, posing as an employee

of Rocky Mountain.  John Doe then provided S&S with the Wells Fargo bank account

number of Aeron Inc. (hereinafter "Wells Fargo Account"), rather than Rocky

Mountain's account number, and asked S&S to wire the funds into the Wells Fargo

Account.  S&S, believing it was paying Rocky Mountain, wired $1,287,795 to the Wells

Fargo Account (the "Funds").

3.     On November 6, 2017, S&S and Rocky Mountain discovered the fraud committed by John Doe and, on November 8, 2017, S&S retained a law firm to conduct an investigation.  As part of its investigation, the firm contacted Ron Kuntz, the owner of Aeron Inc. (the holder of the Wells Fargo Account).

4.     On November 10, 2017, Kuntz confirmed to counsel for S&S that he had received the Funds by wire transfer and that Aeron Inc. was the owner of the Wells Fargo Account.  According to Kuntz, he believed that he had been retained by "Kam Cheong Plastic Factory Limited" to facilitate a wire transfer of $1,600,000 from "S Worldwide" (not S&S Worldwide) to Kam Cheong to pay for a "Longliner with Fish Processing Factory on Board" vessel that S Worldwide allegedly purchased.  On November 11, 2017, Kuntz provided documents related to his alleged engagement with Kam Cheong to counsel for S&S.

5.     The documents provided by Kuntz show that on October 23, 2017, Kuntz requested an outgoing wire transfer of $357,000 from the Funds then in the Wells Fargo Account to Defendant Brogsek Logistics.  The transfer was made to Brogsek Logistics's account number ending in 7063 at ZB NA dba Amegy Bank (the "Amegy Bank Account").  The address provided on the wire transfer for Brogsek Logistics is 2312 Westerland Drive, Unit 52, Houston, Texas 77063.

6.     The documents provided by Kuntz also show that on October 25, 2017, Kuntz requested an outgoing wire transfer of $395,700 from the Funds remaining in the Wells Fargo Account to Defendant Siriya Logistics.  That transfer was made to Siriya Logistics's account number ending in 6634 at Bank of America, N.A (the "BOA Bank

Account"). The address provided on the wire transfer for Siriya Logistics is 14015 Merganser Drive, Houston, Texas 77047.

7. S&S did not authorize the two wire transfers of Funds from the Wells Fargo Account. S&S has taken all possible steps to stop/recall those transfers, including contacting its bank, Wells Fargo, Kuntz, and the Federal Bureau of Investigation.

8. S&S has satisfied the elements necessary for issuance of a temporary restraining order. S&S has established that it is likely to succeed on the merits of its claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, conversion, civil theft, and unjust enrichment.

9. S&S also has established irreparable harm because not issuing a temporary restraining order will hinder S&S's attempts to recover the Funds, hinder ongoing law enforcement efforts, and potentially lead to other entities being similarly victimized. The balance of equities and the public interest also favor issuing a temporary restraining order. In particular, the Certification of David M. Stauss, establishes that John Doe is continuing his illegal hacking efforts and that the Amegy and Bank of America Bank Accounts may be used as part of those efforts.

10. Defendants should not be provided notice prior to issuing this temporary restraining order. Siriya Logistics and Brogsek Logistics are not registered with the State of Texas and do not appear in online searches. Therefore, it does not appear that those entities are ongoing businesses. Further, S&S would suffer immediate and irreparable injury, loss, or damage if the temporary restraining order did not issue before Defendants could be heard in opposition. Notice of this proceeding would give Defendants the

3

incentive and opportunity to transfer any funds currently in the subject accounts to accounts that may be beyond S&S's reach, thereby furthering the underlying crime.

Based on these findings, IT IS HEREBY ORDERED as follows:

1.      Defendants Siriya Logistics, Brogsek Logistics, and John Doe, and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, including, but not limited to, any banks, savings and loan associations, credit unions, merchant acquiring banks, financial institutions or other companies or agencies that engage in the processing or transfer of money, who receive actual notice of this order by personal service or otherwise are, without prior approval of the Court, temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, or other assets of the Defendants out of the Amegy Bank Account or BOA Bank Account and any other account at such institutions held in the name of Siriya Logistics or Brogsek Logistics.

2.      The relief provided in paragraph 1 will expire 14 days after the date and hour the Court enters this Order.

3.      S&S shall post a corporate surety bond, cash, or a certified or attorney's check in the amount of $250 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder;

4.      Service of this Order together with the Summons and Complaint, shall be made on Defendants and deemed effective as to all named Defendants if it is completed by the following means:

4

(a)   by hand delivery, care of Siriya Logistics, at 14015 Merganser Drive, Houston, Texas 77047; and

(b)   by hand delivery, care of Brogsek Logistics, at 2312 Westerland Drive, Unit 52, Houston, Texas 77063.

Such hand delivery may be accomplished by affixing a copy of this Order and the Summons and Complaint to the door of the premises if no party is present to accept the delivery.

5.   S&S shall provide such service by November 21, 2017, except as to John Doe who may be later identified, or at such time as may be extended by this Court.

6.   Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies thereof at the offices of Weinstein Tippets & Little LLP, 7500 San Felipe, Suite 500, Houston, Texas 77036, by no later than November 28, 2017.

7.   The Court will hold a hearing on November 29, 2017 at 3 : 00 p :m, to hear argument as to why this temporary restraining order shall not be made permanent.

8.   Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the relief provided herein, immediate issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the temporary restraining order, and may otherwise extend for the pendency of this litigation upon the same terms and conditions as comprise this temporary restraining order. Defendants are hereby given further notice that they may be deemed to have actual notice of the issuance and terms of such preliminary

injunction and any act by them or anyone of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

9.     S&S's motion for limited expedited discovery is granted.  S&S may serve subpoenas pursuant to Federal Rule of Civil Procedure 45 on non-parties Amegy Bank and Bank of America, N.A. and such non-parties shall respond to such subpoenas within 7 days of service.

SO ORDERED.

DATED this 15th day of November, 2017

Hour: 3:00 a.m./p.m.

UNITED STATES DISTRICT COURT

By: _____
United States District Judge